**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**Eastern Division**

| | |
|---|---|
| KEVIN JACKSON, JANET EICHENLAUB, DAVID LAW, LINDA DECKER, and EMILY MANN, individually and on behalf of all others similarly situated, | : : Case No.: 18-6746 : : : **CLASS ACTION COMPLAINT** : |
| *Plaintiffs*, | : **JURY TRIAL DEMANDED** : |
| v. | : : |
| LG ELECTRONICS USA, INC., a Delaware Corporation, | : : : |
| *Defendant*. | : : |

**PLAINTIFFS' CLASS ACTION COMPLAINT**

Plaintiffs Kevin Jackson, Janet Eichenlaub, David Law, Linda Decker, and Emily Mann ("Plaintiffs") hereby file this class action Complaint on behalf of themselves and all others similarly situated, by and through the undersigned attorneys, against Defendant LG Electronics USA, Inc. ("LG" or "Defendant") and allege as follows based upon personal knowledge as to themselves and their own acts and experiences and, as to all other matters, upon information and belief based upon, *inter alia*, investigations conducted by their attorneys.

**NATURE OF THE CASE**

1.  This case involves LG's design, manufacture, marketing, and sale of refrigerators with a faulty design or manufacturing process that results in defective compressors (the "Compressor Defect"). The Compressor Defect occurs in refrigerators designed, manufactured, marketed, and sold by LG ("Class Refrigerators"). The Compressor Defect prevents the refrigerators from cooling consumers' food and beverages, ultimately causing the food and

752350.1

beverages to spoil and rendering the refrigerators unusable for their intended purpose. The Compressor Defect usually manifests shortly after purchase and well before the end of the anticipated useful life of the Class Refrigerators.

2.      When the Compressor Defect manifests and the Class Refrigerators cease cooling consumers' food, Defendant advises consumers to replace the compressors in their Class Refrigerators. However, when the defective compressors are replaced, consumers often experience additional issues, including: (1) being charged for replacement parts despite such parts being covered under warranty; (2) being charged for labor because such labor is not covered by warranty; (3) waiting an undue amount of time to receive a replacement part due to a lack of available parts and/or a lack of available repair technicians; (4) receiving replacement compressors that cause Class Refrigerators to be significantly noisier than they were when they still had the factory-installed compressors; (5) receiving replacement compressors that have been remanufactured instead of new compressors; and/or (6) being subjected to repeat failures of Class Refrigerators due to the presence of the Compressor Defect in replacement compressors; and (7)  an inability to repair the Class Refrigerators' ability to cool food and beverages so that consumers are forced to buy new refrigerators.

3.      Upon information and belief, at all times LG was aware of the Compressor Defect. Specifically, LG is a large manufacturer of consumer products and tests its products before they are sold to the public. Moreover, immediately upon the release of the Class Refrigerators, numerous class members contacted LG or its authorized agents regarding the Compressor Defect. Furthermore, shortly after the release of the Class Refrigerators, numerous consumers posted complaints about the Compressor Defect on well-known consumer review websites. Despite its

knowledge of the Compressor Defect, LG failed to disclose to consumers that Class Refrigerators were manufactured with the Compressor Defect.

4.  Plaintiffs, individually and on behalf of the Class as defined below, seek relief from LG, including, *inter alia,* damages, declaratory relief, and injunctive relief.

5.  Specifically, this class action is brought to remedy violations of law in connection with LG's fraudulent and deceptive marketing and pricing scheme relating to the Class Refrigerators. LG represents, through advertising to potential customers, that the Class Refrigerators are capable of efficiently and effectively cooling food and beverages, when they are not. Furthermore, LG represents, through advertising to potential customers, that the Class Refrigerators are durable and will "last," when they do not.

6.  LG's marketing techniques are false and misleading in that a reasonable consumer would believe that the Class Refrigerators are capable of keeping food and beverages cold in an efficient and effective manner. Moreover, LG's marketing techniques are false and misleading in that a reasonable consumer would believe that the Class Refrigerators are durable and will last for a decade or more. In reality, however, the Compressor Defect spoils consumers' food and beverages and the Class Refrigerators need to be repaired or replaced within a short time after purchase.

7.  Further, as the Class Refrigerators cease cooling food, frozen items often thaw and cause water to leak from the refrigerator onto consumers' kitchen floors.

8.  LG also inflates its Refrigerator prices to reflect their purported cooling capabilities and durability. As a consequence of this scheme, consumers across the nation are paying more than they would otherwise pay if the Compressor Defect were disclosed by LG.

752350.1

9.     Accordingly, Plaintiffs bring this action to redress LG's violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*; the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*; the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*; the Minnesota Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43 *et seq.* (2017); the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq.*; the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1, *et seq.*; the Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. §§ 1345.01 *et seq.*; the Ohio Deceptive Trade Practices Act, Ohio Rev. Code Ann. Ch. 4165; and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3), as well as for fraud, negligent misrepresentation, and unjust enrichment.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States and pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one Plaintiff and Defendant are citizens of different states.  This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11.     Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391 because LG has advertised in this District and received substantial revenues and profits from its sales of Refrigerators, which it has directed into the stream of commerce in this District. Therefore, a substantial part of the events or omissions giving rise to the claims occurred in this District, and Plaintiff Jackson resides in this District.

4

## PARTIES

### The Plaintiffs

12.     Plaintff Kevin Jackson ("Plaintiff Jackson") is a resident of Illinois.

13.     In approximately 2015, Plaintiff Jackson purchased a Class Refrigerator for his household's personal use, Model No. LFXS29766S

14.     Plaintiff Jackson had the subject Refrigerator installed, maintained and repaired consistent with LG factory recommendations, and at all times used and maintained the machine consistent with expected use for a household refrigerator.

15.     Approximately three years after he purchased his Class Refrigerator, Plaintiff Jackson noticed that his Refrigerator was failing to keep food and beverages at an appropriately cold temperature. Once the Refrigerator failed to keep food and beverages cold, Plaintiff Jackson began to experience spoilage of his food and beverages.

16.     Therefore, Plaintiff Jackson contacted LG regarding his Refrigerator's defective compressor via telephone and the customer service agent he spoke with diagnosed a compressor failure. LG then sent a repairperson to Plaintiff Jackson's home to replace the compressor. Although Plaintiff Jackson's Class Refrigerator was purportedly under warranty, the repairperson charged him $125 for the repair visit and $250 in labor.

17.     Following the initial repair visit, LG sent a second repairperson to Plaintiff Jackson's home to install a replacement compressor. Although Plaintiff Jackson's Class Refrigerator was purportedly under warranty, the repairperson charged him a labor fee of $250, plus tax.

18.     In addition to the charges for the repair visits and replacement parts, Plaintiff Jackson experienced lost food in an amount of approximately $200.

752350.1

19.     Therefore, Plaintiff Jackson has suffered injury in fact and lost money as a direct result of the Compressor Defect.

***Plaintiff Janet Eichenlaub***

20.     Plaintiff Janet Eichenlaub ("Plaintiff Eichenlaub") is a resident of California.

21.     In approximately September 2015, Plaintiff Eichenlaub purchased a Class Refrigerator for her household's personal use, Model No. LFXC24726S.

22.     Plaintiff Eichenlaub chose her LG refrigerator in part because of her perception that Defendant's refrigerators are reliable, effective, and durable.

23.     Plaintiff Eichenlaub had the subject Refrigerator installed, maintained and repaired consistent with LG factory recommendations, and at all times used and maintained the machine consistent with expected use for a household refrigerator.

24.     In approximately November 2017, Plaintiff Eichenlaub noticed that her Refrigerator was failing to keep food and beverages at an appropriately cold temperature. Once the Refrigerator failed to keep food and beverages cold, Plaintiff Eichenlaub began to experience spoilage of her food and beverages.

25.     Therefore, Plaintiff Eichenlaub contacted LG regarding her Refrigerator's defective compressor. LG sent a repairperson to Plaintiff Eichenlaub's home, who determined that her refrigerator needed a new compressor. Although Plaintiff Eichenlaub's Class Refrigerator was purportedly under warranty, the repairperson charged her $375 to replace the defective compressor.

26.     In approximately December 2017, Plaintiff Eichenlaub's Refrigerator stopped working again. Yet again, the Refrigerator was failing to keep food and beverages at an

752350.1

appropriately cold temperature and Plaintiff Eichenlaub began to experience spoilage of her food and beverages.

27.     Therefore, Plaintiff Eichenlaub contacted LG regarding her Refrigerator's defective compressor. LG sent a repairperson to Plaintiff Eichenlaub's home, who determined that her refrigerator needed a new compressor. The repairperson informed Plaintiff Eichenlaub that she would not be charged for the replacement since the failure occurred so shortly after her previous failure.

28.     In approximately May 2018, Plaintiff Eichenlaub's Refrigerator stopped working again. Yet again, the Refrigerator was failing to keep food and beverages at an appropriately cold temperature and Plaintiff Eichenlaub began to experience spoilage of her food and beverages.

29.     Therefore, Plaintiff Eichenlaub contacted LG regarding her Refrigerator's defective compressor. LG sent a repairperson to Plaintiff Eichenlaub's home, who determined that her refrigerator needed a new compressor. The repairperson informed Plaintiff Eichenlaub that he would put in a request that LG not charge plaintiff for the new compressor, to which LG acquiesced.

30.     Plaintiff Eichenlaub contacted LG's legal department complaining about the need to repair her Refrigerator multiple times and requested a refund of the $375 paid to replace the compressor the first time and a refund of the purchase price of her Refrigerator. LG only offered to compensate Plaintiff $250 for spoiled food.

31.     In addition to the charges for the repair visits and replacement parts, Plaintiff Eichenlaub experienced loss of food and beverages that had been stored in his refrigerator.

32.     Therefore, Plaintiff Eichenlaub has suffered injury in fact and lost money as a direct result of LG's omissions and misrepresentations concerning the Compressor Defect.

752350.1

***Plaintiff David Law***

33.    Plaintiff David Law ("Plaintiff Law") is a resident of Minnesota.

34.    In 2016, Plaintiff Law purchased a Class Refrigerator for his household's personal use, Model No. LFX28968ST.

35.    Plaintiff Law chose his LG refrigerator in part because of his perception that Defendant's refrigerators are reliable and effective.

36.    Plaintiff Law had the subject Refrigerator installed, maintained and repaired consistent with LG factory recommendations, and at all times used and maintained the machine consistent with expected use for a household refrigerator.

37.    In Spring 2018, Plaintiff Law noticed that his Refrigerator was failing to keep food and beverages at an appropriately cold temperature. Once the Refrigerator failed to keep food and beverages cold, Plaintiff Law began to experience spoilage of his food and beverages.

38.    Therefore, Plaintiff Law contacted LG regarding his Refrigerator's defective compressor. After Plaintiff Law had waited an undue amount of time, LG finally sent a repairperson to his home to install a replacement compressor.  Although Plaintiff Law's Class Refrigerator was purportedly under warranty, the repairperson charged him nearly $600 for the service visit.

39.    In addition to the charges for the repair visits and replacement parts, Plaintiff Law experienced lost food and beverages, and damage to his kitchen floor when frozen items stored in his Refrigerator melted.

40.    Therefore, Plaintiff Law has suffered injury in fact and lost money as a direct result of the Compressor Defect.

752350.1

*Plaintiff Linda Decker*

41.     Plaintiff Linda Decker ("Plaintiff Decker") is a resident of New Jersey.

42.     In 2015, Plaintiff Decker purchased a Class Refrigerator for approximately $2,300 for her household's personal use, Model No. LFXS30766S/02 from Lowes, located in New Jersey.

43.     Plaintiff Decker chose her LG refrigerator in part because of her perception that Defendant's refrigerators are reliable and effective.

44.     Plaintiff Decker had her Class Refrigerator installed, maintained, and repaired consistent with LG factory recommendations and at all times used the maintained the machine consistent with the expected use of a household refrigerator.

45.     In August 2018, approximately four years after she purchased her Class Refrigerator, Plaintiff Decker noticed that her Refrigerator was failing to keep food and beverages at an appropriately cold temperature. Once the Refrigerator failed to keep food and beverages cold, Plaintiff Decker yet again began to experience spoilage of her food and beverages.

46.     Plaintiff Decker contacted LG regarding her defective Refrigerator. Although Plaintiff Decker's Class Refrigerator was purportedly under warranty, LG would not provide any assistance unless Plaintiff Decker first purchased a service contract for $300.

47.     Therefore, Plaintiff Decker contacted Stark Appliances, a third-party repair company, regarding her Refrigerator's defective compressor. The repairperson informed Plaintiff Decker it was a "sealed system failure" – i.e., the Compressor Defect – and would cost between $1,200 and $1,500 to repair. The repairperson charged Plaintiff Decker $85.00 for the visit to diagnose the Compressor Defect.

752350.1

48.     In addition to the charges for the repair visits and replacement parts, Plaintiff Decker experienced lost food and beverages.

49.     Therefore, Plaintiff Decker suffered an ascertainable loss of monies and/or property as a result of LG's unlawful conduct.

***Plaintiff Emily Mann***

50.     Plaintiff Emily Mann ("Plaintiff Mann") is a resident of Ohio.

51.     In approximately 2015, Plaintiff Mann purchased a Class Refrigerator for her household's personal use, Model No. LFXS29626B, from Lowe's Home Center in Hilliard, Ohio for approximately $1,998, plus tax.

52.     Plaintiff Mann chose her LG refrigerator in part because of her perception that Defendant's refrigerators are reliable and effective.

53.     Plaintiff Mann had the subject Refrigerator installed, maintained and repaired consistent with LG factory recommendations, and at all times used and maintained the machine consistent with expected use for a household refrigerator.

54.     Approximately two-and-a-half years after she purchased her Class Refrigerator, Plaintiff Mann noticed that her Refrigerator was failing to keep food and beverages at an appropriately cold temperature. Once the Refrigerator failed to keep food and beverages cold, Plaintiff Mann began to experience spoilage of her food and beverages.

55.     Therefore, Plaintiff Mann contacted LG regarding her Refrigerator's defective compressor. LG sent a repairperson to Plaintiff Mann's home, who determined that her refrigerator needed a new condenser and evaporator. Although Plaintiff Mann's Class Refrigerator was purportedly under warranty, the repairperson charged her $125 for the repair visit.

56.     Following the initial repair visit, LG sent a second repairperson to Plaintiff Mann's home to install a replacement compressor. Although Plaintiff Mann's Class Refrigerator was purportedly under warranty, the repairperson charged her a labor fee of $250, plus tax.

57.     In addition to the charges for the repair visits and replacement parts, Plaintiff Mann experienced lost food in an amount of approximately $200.

58.     Therefore, Plaintiff Mann has suffered injury in fact and lost money as a direct result of the Compressor Defect.

**The Defendant**

59.     Defendant LG Electronics USA, Inc. is a corporation duly organized and existing under the laws of the State of Delaware with its American headquarters and principal place of business located at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

60.     LG manufactures, markets, advertises and sells home appliances, including refrigerators, throughout the United States, including in Ohio, California, Minnesota, Illinois, and New Jersey.

**APPLICATION OF ILLINOIS LAW**

61.     As the Plaintiffs are bringing this Complaint in the Northern District of Illinois because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District, it is appropriate that Illinois' substantive laws apply. While Defendant is a foreign company, Illinois is the location where a number of the Class members bought the Class Refrigerators and where many the Defects occurred, causing injuries to the Plaintiffs and the Class. Defendant also actively advertises and markets its Refrigerators in the Illinois market and the market provides a significant share of corporate income for LG. By availing itself of the Illinois market and aggressively marketing to Illinois customers, LG is or should be aware that Illinois'

11

752350.1

substantive law would apply to any proceeding addressing injuries related to the LG Refrigerators. Copies of this Complaint will be served on the Attorney General for the state of Illinois and all those required by the law pursuant to Illinois statutes. Further, Plaintiff Jackson resides in this District.

## TOLLING OF STATUTES OF LIMITATIONS

62.     Any applicable statute(s) of limitations have been tolled by LG's knowing and active concealment and denial of the facts alleged herein.  Plaintiffs and the members of the Class could not have reasonably discovered the true, latent nature of the Defect until shortly before this class action litigation was commenced. Indeed, none of the Plaintiffs discovered the Compressor Defect, and could not have discovered the Compressor Defect through reasonable diligence, until shortly before this litigation was commenced.

63.     LG was and remains under a continuing duty to disclose to Plaintiffs and the members of the Class the true character, quality and nature of the Class Refrigerators, that the Compressor Defect results from a poor design and/or failures in the manufacturing process, will require costly repairs, and result in spoiled food and beverages and possibly damage to kitchen floors, in addition to causing Class members to pay out-of-pocket costs to repair their Refrigerators. As a result of LG's active concealment, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

## FACTUAL ALLEGATIONS

### A.     LG's Marketing and Sale of the Class Refrigerators.

64.     LG is the manufacturer, producer, distributor, and seller of numerous home appliances and other electronic products, including refrigerators, throughout the United States.

752350.1

65.     LG markets its goods directly to the consumer through its website and nationwide advertisements, and sells its products through leading retailers in the United States, such as Home Depot, Lowes, Sears, Best Buy, and JCPenney, as well as other more local retailers and even through the online retailer, Amazon.com.

66.     LG markets its products as state-of-the-art, first-class, and high-end, especially when compared with other appliances.

67.     For example, the advertisements for one of the Class Refrigerators – the Model LFXS29626B 29 cu. ft. French Door Refrigerator – tout the efficiency and durability of the compressors:



## Peace of Mind

When you buy a refrigerator, you don't want to worry that it won't last. Because the Linear Compressor uses fewer moving parts and operates more efficiently, LG confidently backs the Linear Compressor with a 10-year limited warranty.

752350.1

# FRESHER IS BETTER.

Smart Cooling® system is designed to maintain superior conditions within the refrigerator. The Linear Compressor reacts quickly to temperature fluctuations and helps keep your food fresher, longer. Meanwhile, strategically-placed vents in every section surround your food with cool air no matter where you put it.



68.     LG also provides consumers who purchase the Class Refrigerators with a one-year warranty for "Parts and Labor" from the date of the original retail purchase. However, after the one-year warranty period expires, consumers are required to pay for any labor required to replace the defective compressors in their Class Refrigerators. For Class Refrigerators purchased before January 1, 2018, a copy of the relevant warranty provisions is set forth below:

| WARRANTY PERIOD | | | |
|---|---|---|---|
| Refrigerator | Sealed System (Condenser, Dryer, Connecting Tube, Refrigerant and Evaporator) | | Linear Compressor |
| One (1) year from the date of original retail purchase | One (1) year from the date of original retail purchase | Seven (7) years from the date of original retail purchase | Ten (10) years from the date of original retail purchase |
| Parts and Labor (internal/functional parts only) | Parts and Labor | Parts only (Consumer will be charged for labor) | Part only (Consumer will be charged for labor) |

14

69.     For Class Refrigerators purchased on or after January 1, 2018, a copy of the relevant warranty provisions is set forth below:

| WARRANTY PERIOD | | | |
|---|---|---|---|
| Refrigerator/ Freezer | Sealed System (Condenser, Dryer, Connecting Tube and Evaporator) | | Compressor |
| One (1) year from the date of original retail purchase | Five (5) years from the date of original retail purchase | Five (5) years from the date of original retail purchase | Linear / Inverter Compressor Only : Parts Only for years 6-10 from the date of original retail purchase (Consumer will be charged for labor) |
| Parts and Labor (internal/ functional parts only) | Parts and Labor | Parts and Labor | |

70.     As the foregoing demonstrates, upon information and belief, LG modified its standard warranty for the Class Refrigerators based on its knowledge of the high failure rate of the compressors. Despite this, LG still does not disclose the Compressor Defect to consumers.

71.     In every sale of its Refrigerators, LG warrants that the Refrigerators are or were fit for the ordinary purpose for which such goods were used and were free from defects.

72.     These assertions by LG, however, were false, as the compressor in every Class Refrigerator was manufactured with an inherent defect that ultimately causes the Class Refrigerators to fail.

**B.      The Compressor Defect and Related Problems**.

73.     The primary purpose of a refrigerator is to cool and freeze food and beverages. Refrigeration works by utilizing basic principles of physics to remove hot air from the interior of the unit to the exterior of the unit, and to pass cool air to the food and beverages stored inside.

74.     A critical component of the Class Refrigerators' cooling and freezing functions is the compressor. A compressor works by compressing gaseous refrigerant to increase its pressure and temperature. The pressurized refrigerant gas is passed through coils on the exterior of the refrigerator, where it releases heat into the room and becomes a liquid. The liquid refrigerant is then passed through an expansion valve, which decreases its pressure. The liquid refrigerant is

752350.1

passed through coils on he interior of the refrigerator, where it captures heat from the interior of

the refrigerator and causes it to convert to a gas. The refrigerant gas is passed to the compressor

and the process repeats itself.

75.     A diagram of this process is set forth below:



76.     If the compressor fails, the refrigerator is useless because it is unable to perform is

main, if not sole, functions of cooling and freezing food and beverages.

77.     All Class Refrigerators suffer from the same Compressor Defect, which invariably

causes the Class Refrigerators to cease cooling and/or freezing food. Therefore, the Compressor

Defect renders the Class Refrigerators useless and unfit for their intended purpose of cooling and

freezing food.

78.     The Compressor Defendant causes Class Refrigerators to become useless and unfit

for their intended purpose significantly earlier than their anticipated useful life.

79. The labor costs to diagnose and replace the defective compressors in the Class Defect ranges from several hundred dollars to over a thousand dollars. The technicians LG dispatches to consumers' homes often require multiple service visits to diagnose and repair a known problem. Thus, consumers are forced to endure long periods without a functioning Refrigerator and are forced to pay for repeated service visits.

80. LG failed to disclose the Compressor Defect to consumers in any of its marketing, nor did it ever disclose the Compressor Defect to consumers at the point when they purchased the Class Refrigerators. Instead, LG touts the quality and durability of the Class Refrigerators.

81. As a result, consumers were forced to: discover the Compressor Defect on their own; decipher what actually was wrong when their Refrigerators began having problems; spend their own money on parts and/or labor to have compressors replaced in their Class Refrigerators; spend time and resources contacting Defendant and authorized third party repair servicers; wait an undue amount of time for repairs; endure Refrigerators that were noisier than they were when they still had the factory-installed compressors; receive installation of replacement compressors that have been remanufactured and/or are defective; and/or experience ongoing problems with Refrigerators when the replacement compressors failed to work.

82. Further, as the Class Refrigerators cease cooling food, frozen items often thaw and cause leakage from the Refrigerators onto consumers' kitchen floors.

C. **LG's longstanding knowledge of the Defect.**

83. LG is undeniably aware of the Compressor Defects within the Class Refrigerators, in part because of countless complaints made online at mainstream websites, including on LG's own website, on Twitter (referring LG's handle), and on LG's Facebook pages. These complaints,

some of which are shown below, evidence LG's awareness of the Compressor Defect and the inappropriateness of its failure to address the Compressor Defect in any way:

*Twitter*:



*LG's Website*:





84. Moreover, numerous consumesr have complained about the Compressor Defect on consumer websites that LG is either aware or should be aware of. A sampling of the customer complaints includes:

**Consumer No. 1:**

[one-star rating]
Life's Good But LG s Customer Service Really Sucks. My LMX28988ST /04 broke down (purchased Oct 2012). According to the owner's manual parts are covered for seven years and the compressor for ten but not the labor. At first, I called several local repair shops, and all declined to work on it because they were not authorized LG repair shops. I then decided to call LG's 1-800 number. The lady at LG told me to contact Sears Repair for service. Sears were booked solid and I had to wait around 10 days for an appointment. Finally, the day came, and I was told by the Sears repairman that they are not authorized to do LG warranty work. In any case he did the diagnosis and said my compressor, condenser and Refrigerator were bad. The estimate came out to over a thousand dollars and Sears would need to contact LG before any work could be done or I could pay the full amount and try to get reimbursed for the parts than came under warranty. The repairman charged me $99 plus tax for the house call. He gave me a 10% coupon and told me I could recover my house call bill by buying a new refrigerator from Sears that cost a $1000 and up. . . .

**Consumer No. 2:**

[one-star rating]
Bought this LG fridge model LMXS30776 in December 2015. After 2 and 1/2 years it has stopped working. We have little children who need their milk, juice, etc. to be refrigerated. I feel like we were being robbed. Their compressors can't be fixed. Just

a waste of time and money. My brand new fridge will go into the landfill. Thanks LG. Stop selling expensive junk to our consumers.

**Consumer No. 3:**

[one-star rating]
I really loved this refrigerator (LMXS30776S), lots of space, extra drawer for drinks, and the black stainless steel. We bought it 5/22/16, and the compressor went out on 6/29/18... we bought the extended warranty (thru HH Gregg). They had someone out 7/3 who said they weren't qualified to fix the compressor, and another company stood us up altogether. After hours spent on hold, and the warranty company saying it's now in a 'diff department'... I ended up live chatting with LG who gave me a list of their approved companies - out of 6 I finally have someone coming out to hopefully fix the compressor on 7/20. We paid $3461 (tax & warranty included) for this beautiful piece of worthless metal! I understand things break, but I think it's strange that some companies refuse to work on LG refrigerators or aren't 'qualified'. I would never recommend this refrigerator.

**Consumer No. 4:**

[one-star rating]
Bought LG-LMX27626S. Paid almost $3000.00 for it in Jan 2016. The fridge died - not cooling and the same issue with the Linear Compressor like everyone else, there is no local LG repair technician available in my area or the whole island - I live on Maui. Call LG customer service and spoke to 3 person, two from Philippines and finally talked to someone in Alabama, she is as bad - she said, "We can send you the parts and you have to find your own repairman!" Hello. There is NO one to service LG fridge on Maui. I asked to speak to supervisor or management - she basically told me no and she told me "LG management will NOT speak to the customers!". Worse product that I ever purchased - no more LG for me and rest of the Made in Korea products! I will tell all my friends and co-workers not to buy their products!

**Consumer No. 5:**

we had our [LG refrigerator] less than 6 months and compressor went out! We are an older couple and had to go without a Fridge for 25 days last August with heat being in the 90's! My Husband is a disabled Vietnam Vet and we live on his disability pay! LG sucks wish we had known what garbage there products was before we saved up to buy it!

**Consumer No. 6:**

LG French door [refrigerator], 2 yrs old. Had the compressor replaced two weeks ago. Now it sounds like a lawn mower running. Holy sh*t.

**Consumer No. 7:**

[one star]
Great Frige EXCEPT for linear compressor. Failed at 2 yrs. Compressor under warranty, labor not. $600-$900 labor to replace. Lots of similar complaints on compressor. So $3000 initial cost plus ~$700 labor every two years, for 10 years makes this a $6-8000 unit. Not recommended until LG fixes their compressor and covers labor for at least 3 full years, better five. Bad design and inadequate testing makes me fearful of the quality of all LG products.

**Consumer No. 8:**

[one star]
Worst purchase ever. I have own this fridge for last 3.5 years. Initially food was freezing in the fridge part and freezer was all icing up. Technician came and change the part. After that it was working fine for sometime. It always had the problem of defrost cycle. It'll stay in defrost cycle for 2-3 days. Now compressor is not working. Though there is 10 years warranty for the compressor but labor is so costly. Since original compressor lasted only 3.5 years, I don't how long new one is going to last after spending so much on service. This fridge has been nothing but trouble since the beginning. Don't buy LG fridge.

85.     These are mere examples of the thousands of complaints and/or warranty claims made to LG concerning the Compressor Defect.

86.     As a result of the high rate of failure of the Class Refrigerator's compressors, the replacement parts necessary to repair the Compressor Defect are routinely out-of-stock. Thus, consumers are forced to live for long periods of time without a working refrigerator and/or replace the Class Refrigerator.

87.     LG's warranties for Refrigerators purchased before January 1, 2018 unconscionably exclude labor after a period of one year from the date of purchase. Thus, Plaintiffs and the Class are forced to pay for initial visits by LG's agents and for the labor associated with repairs, despite the fact that these repairs often do not cure the Compressor Defect. As a result, Plaintiffs and the Class are damaged because they are forced to undergo the lengthy process of securing an inspection, and paying for futile attempts to repair the Compressor Defect. Plaintiffs and the Class are further damaged through the loss of their personal time, loss of work due to

21

service appointments, and the lack of a working refrigerator, while waiting for the repairs to take place.

88.     The limited warranties (repair and replacement) offered by LG's warranty do not cure the Compressor Defect. Consumers spend days, weeks, or months pursuing relief under LG's warranty only to be denied coverage or to receive a replacement compressor that either fails or does not function as effectively as the factory-installed compressor. LG has not developed, nor does it intend to develop, a suitable remedy for the Compressor Defect. Instead, it continues to advise consumers to replace the defective compressors with equally-defective replacement parts. Therefore, the warranty fails of its essential purpose.

89.     Moreover, the warranty LG provides for the Class Refrigerators is procedurally and substantively unconscionable. Consumers have no input or bargaining power as to the terms of the warranty. And yet, consumers are bound by a warranty that excludes significant costs of repair and replacement for a major household appliance manufactured with a known defect.

90.     LG is experienced in the design and manufacture of appliances, including refrigerators, and likely conducts pre- and post-release testing on incoming batches of components, including the compressors to be used in its refrigerators. Such tests would be designed to verify that the parts are free from defects and comply with LG's specifications.  As a result, LG knew or should have known that the compressors used in its Class Refrigerators were defective and likely to cause the refrigerators to stop cooling after a short period of time, spoiling consumers' food and beverages as well as costing Plaintiffs and Class members hundreds of dollars in repairs and replacement costs for spoiled food.

91.     Each of the Class Refrigerators is defectively designed and manufactured with a compressor that fails, preventing the Class Refrigerators from properly cooling food and thus spoiling their food and beverages.

92.     Plaintiffs and Class members have suffered damages as a result of Defendant's deceptive practices, including but not limited to the fact that consumers overpaid for the Class Refrigerators and were forced to pay for parts and repairs and/or to replace the Class Refrigerators.

93.     Plaintiffs and Class members paid thousands of dollars in promise of a functioning Refrigerator, only to be saddled with a substandard device that fails to perform the basic functions that consumers were promised.

94.     The experiences and complaints of Plaintiffs and the Class, along with readily searchable third-party sites, collectively demonstrate that LG was or should have been aware of customer complaints and experiences concerning the Compressor Defect in its Class Refrigerators. Despite this knowledge, however, LG failed to implement any changes to cure the Compressor Defect associated with the Class Refrigerators or the way that it markets and sells its refrigerators to consumers. LG continues to sell the Class Refrigerators to consumers despite its undeniable knowledge of the Compressor Defect.

95.     LG was or should have been aware of the Compressor Defect because its own service technicians, and its third-party authorized service technicians routinely advise customers that the Class Refrigerators suffer from the Compressor Defect and that the Compressor Defect is a "known problem." The Compressor Defect requires the replacement of the compressor, a major repair that most third-party authorized service technicians refuse to perform.

752350.1

## CLASS ACTION ALLEGATIONS

96.     Plaintiffs bring this action on their own behalf, and on behalf of the following

Class pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3).  Specifically, the Class consists

of the following:

**Nationwide Class:**

All persons or entities in the United States who purchased one or more Class
Refrigerators.

Or, in the alternative,

**Illinois Class:**

All persons or entities in Illinois who purchased one or more Class Refrigerators;
and/or

**California Class:**

All persons or entities in California who purchased one or more Class Refrigerators;
and/or

**Minnesota Class:**

All persons or entities in Minnesota who purchased one or more Class
Refrigerators; and/or

**New Jersey Class:**

All persons or entities in New Jersey who purchased one or more Class
Refrigerators; and/or

**Ohio Class:**

All persons or entities in Ohio who purchased one or more Class Refrigerators.

97.     Together, the National Class and the Illinios, California, Minnesota, New Jersey,

and/or Ohio Classes shall be collectively referred to herein as the "Class." The Illinois, California,

Minnesota, New Jersey, and Ohio Classes shall be referred to as the "State Subclasses." Excluded

from the Class are LG, its affiliates, employees, officers and directors, persons or entities that

purchased the Class Refrigerators for purposes of resale, and the Judge(s) assigned to this case. Plaintiffs reserve the right to modify, change or expand the Class definition after conducting discovery.

98. <u>Numerosity</u>: The Class is so numerous that joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, such information being in the possession of LG and obtainable by Plaintiffs only through the discovery process, Plaintiffs believe that the Class consists of hundreds of thousands, if not millions, of persons and entities that were deceived by LG's conduct.

99. <u>Existence and Predominance of Common Questions of Fact and Law</u>: Common questions of fact and law exist as to all members of the Class. These questions predominate over the questions affecting individual Class members. These common factual and legal questions include, but are not limited to:

a. whether LG misrepresented the quality of the Class Refrigerators;
b. whether the Class Refrigerators were defective due to the Compressor Defect;
c. whether LG omitted the Compressor Defect from its disclosure of the properties of the Class Refrigerators to consumers;
d. whether LG's conduct violated the California Unfair Competition Law;
e. whether LG's conduct violated the California False Advertising Law;
f. whether LG's conduct violated the California Consumer Legal Remedies Act;
g. whether LG's conduct violated the Minnesota Deceptive Trade Practices Act;
h. whether LG's conduct violated the New Jersey Consumer Fraud Act;
i. whether LG's conduct violated the Illinois Consumer Fraud and Deceptive Business Practices Act;
j. whether LG's conduct violated the Ohio Consumer Sales Practices Act;
k. whether LG's conduct violated the Ohio Deceptive Trade Practices Act;
l. whether LG breached express warranties under the Magnuson-Moss Warranty Act;
m. whether LG's conduct resulted in unlawful common law fraud;
n. whether LG's conduct resulted in unlawful negligent misrepresentation;
o. whether LG's conduct resulted in it receiving unjust enrichment at the expense of Plaintiffs and the Class;
p. whether Plaintiffs and Class members are entitled to monetary damages and/or other remedies and, if so, the nature of any such relief; and
q. whether Plaintiffs and the Class are entitled to equitable or injunctive relief.

752350.1

100. <u>Typicality</u>: All of Plaintiffs' claims are typical of the claims of the Class since each Class Refrigerator was advertised with the same type of false and/or misleading statements, regardless of model or production year. Plaintiffs and all members of the Class sustained monetary and economic injuries including, but not limited to, ascertainable losses arising out of LG's wrongful conduct. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all absent Class members.

101. <u>Adequacy</u>: Plaintiffs are adequate Class representatives because their interests do not materially or irreconcilably conflict with the interests of the Class that they seek to represent, they have retained counsel competent and highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

102. <u>Superiority</u>: A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiffs and members of the Class. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by LG's conduct. It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Members of the Class can be readily identified and notified based on, *inter alia*, LG's records and databases.

752350.1

103. LG has acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.

## VIOLATIONS ALLEGED

### COUNT I
### VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND
### DECEPTIVE BUSINESS PRACTICES ACT
### (Ill. Comp. Stat. 505/1 *et seq.*)
### (On Behalf of the Illinois Class)

104. Plaintiffs and the Class re-allege and incorporate by reference the allegations contained in all preceding paragraphs of this Class Action Complaint as though set forth fully herein.

105. The foregoing conduct of LG constitutes a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 et seq., ("ICFA").

106. LG engaged in an unfair or deceptive practice in violation of the ICFA when it knowingly concealed, suppressed, and/or omitted the fact that the Class Refrigerators are defective and manufacturer and/or designed with the Compressor Defect.

107. LG either knew or should have known that the Class Refrigerators were not suitable for their intended use, not durable, and unable to effectively and efficiently cool consumers' food and beverages.

108. LG's conduct and omissions described herein occurred repeatedly in its trade or business and was capable of deceiving a substantial portion of the consuming public.

109. The facts LG concealed are material because Plaintiff Jackson and any reasonable consumer would have considered the Compressor Defect important when deciding whether to purchase the Class Refrigerators. Had Plaintiff Jackson and the Illinois subclass known of the

Compressor Defect when he purchased his refrigerator, he would not have purchased the product.

110.    LG intended Plaintiff Jackson and the Illinois subclass would rely on its omissions when buying their Class Refrigerators.

111.    LG's unlawful conduct continues to this day.

112.    As a direct and proximate result of LG's deceptive, misleading, unfair, and unconscionable practices, Plaintiff Jackson and the Illinois subclass are entitled to actual damages, compensatory damages, penalties, attorneys' fees, costs, and other appropriate relief as provided in Section 10a of the ICFA.

<u>COUNT II</u>
**VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")**
**(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**
**(On Behalf of the California Class)**

113.    Plaintiffs and the Class re-allege and incorporate by reference the allegations contained in all preceding paragraphs of this Class Action Complaint as though set forth fully herein.

114.    California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.,* prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

115.    LG has engaged in unfair competition and unfair, unlawful or fraudulent business practices by the conduct, statements, and omissions described above, and by knowingly and intentionally concealing from Plaintiffs and the Class members the Compressor Defect within the Class Refrigerators. Defendant should have disclosed this information because it was in a superior position to know the true facts related to the Compressor Defect within the Refrigerators, and Plaintiffs and Class members could not reasonably be expected to learn or discover the true facts related to the Compressor Defect within the Class Refrigerators.

752350.1

116.     These acts and practices have deceived Plaintiffs and are likely to deceive the public. In failing to disclose the Compressor Defect within the Class Refrigerators and suppressing other material facts from Plaintiffs and the Class members, Defendant breached its duties to disclose these facts, violated the UCL, and caused injuries to Plaintiffs and the Class members. The omissions and acts of concealment by Defendant pertained to information that was material to Plaintiffs and the Class members, as it would have been to all reasonable consumers.

117.     The injuries suffered by Plaintiffs and the Class members are greatly outweighed by any potential countervailing benefit to consumers or to competition, nor are they injuries that Plaintiffs and the Class members could have reasonably avoided.

118.     Defendant's acts and practices are unlawful because they violate California Civil Code §§ 1668, 1709, 1710, and 1750 *et seq.*, and California Commercial Code § 2313.

119.     Plaintiffs seek to enjoin further unlawful, unfair and/or fraudulent acts or practices by Defendant, to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, and all other relief allowed under California Business & Professions Code § 17200.

### <u>COUNT III</u>
**VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW**
**(Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**
**(On Behalf of the California Class)**

120.     Plaintiffs and the Class re-allege and incorporate by reference the allegations contained in all preceding paragraphs of this Class Action Complaint as though set forth fully herein.

121.     California Business & Professions Code § 17500 states: "It is unlawful for any . . . corporation . . . with intent directly or indirectly to dispose of real or personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to

be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, . . . or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

122.  LG caused to be made or disseminated through California and the United States, through advertising, marketing and other publications, statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to Defendant, to be untrue and misleading to consumers, including Plaintiffs and the other Class members.

123.  LG has violated California Business & Professions Code § 17500 because the misrepresentations and omissions regarding the functionality of its Class Refrigerators as set forth in this Complaint were material and likely to deceive a reasonable consumer.

124.  Plaintiffs and the other Class members have suffered an injury in fact, including the loss of money or property, as a result of Defendant's unfair, unlawful, and/or deceptive practices. In purchasing their Class Refrigerators, Plaintiffs and the other Class members relied on the misrepresentations and/or omissions of Defendant with respect to the reliability of the Class Refrigerators. Defendant's representations were untrue because the Refrigerators were manufactured and sold with the Compressor Defect. Had Plaintiffs and the other Class members known this, they would not have purchased their Class Refrigerators and/or paid as much for them. Accordingly, Plaintiffs and the other Class members overpaid for their Refrigerators and did not receive the benefit of their bargain.

125.  All of the wrongful conduct alleged herein occurred in the conduct of LG's business.

752350.1

126. Plaintiffs and Class members seek actual damages and/or injunctive and equitable relief, attorneys' fees and costs, and to enjoin Defendant on the terms that the Court considers reasonable.

**COUNT IV**
**VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT**
**("CLRA")**
**(Cal. Civ. Code §§ 1750 *et seq.*)**
**(On Behalf of the California Class)**

127. Plaintiffs and the Class re-allege and incorporate by reference the allegations contained in all preceding paragraphs of this Class Action Complaint as though set forth fully herein.

128. LG is a person as that term is defined in California Civil Code § 1761(c).

129. Plaintiffs and the Class are "consumers" as that term is defined in California Civil Code § 1761(d).

130. LG engaged in unfair and deceptive acts in violation of the CLRA by the practices described above, and by knowingly and intentionally concealing from Plaintiffs and Class members that the Class Refrigerators are defective. These acts and practices violate, at a minimum, the following sections of the CLRA:

> (a)(5) Representing that goods or services have sponsorships, characteristics, uses, benefits or quantities which they do not have, or that a person has a sponsorship, approval, status, affiliation or connection which he or she does not have;
>
> (a)(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and
>
> (a)(9) Advertising goods and services with the intent not to sell them as advertised.

131. LG's unfair or deceptive acts or practices occurred repeatedly in LG's trade or business and were capable of deceiving a substantial portion of the purchasing public.

132. LG knew that the Class Refrigerators were defective, prone to failing for their

31

essential purpose as phones, and would become useless as a result of reasonable and foreseeable use by consumers.

133.    LG was under a duty to Plaintiffs and the Class members to disclose the defective nature of the Class Refrigerators because:

(a) LG was in a superior position to know the true state of facts about the Defect in the Class Refrigerators;
(b) Plaintiffs and the Class members could not reasonably have been expected to learn or discover that the Class Refrigerators were defective and not in accordance with LG's advertisements and representations;
(c) LG knew that Plaintiffs and the Class members could not reasonably have been expected to learn or discover the Defect in the Class Refrigerators; and
(d) Defendant actively concealed and failed to disclose the Defect from Plaintiffs and the Class.

134.    In failing to disclose the Compressor Defect within the Class Refrigerators at the time of sale, LG has knowingly and intentionally concealed material facts and breached its duty not to do so.

135.    The facts concealed or not disclosed by LG to Plaintiffs and the Class members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase LG Refrigerators or pay a lesser price. Had Plaintiffs and the Class known about the Compressor Defect in the Class Refrigerators, they would not have purchased the Refrigerators or would have paid less for them.

136.    Plaintiffs have provided LG with notice of its violations of the CLRA pursuant to California Civil Code § 1782(a) and currently seek injunctive relief. After the 30-day notice period expires, Plaintiffs will amend this complaint to seek monetary damages under the CLRA.

137.    Plaintiffs and the other Class members' injuries were proximately caused by LG's fraudulent and deceptive business practices.

752350.1

138.     Therefore, Plaintiffs and the other Class members are entitled to equitable and monetary relief under the CLRA.

## COUNT V
### VIOLATION OF THE MINNESOTA DECEPTIVE TRADE PRACTICES ACT
**(Minnesota Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43 *et seq.* (2017))**
**(On Behalf of the Minnesota Class)**

139.     Plaintiffs and the Class re-allege and incorporate by reference the allegations contained in all preceding paragraphs of this Class Action Complaint as though set forth fully herein.

140.     Defendant is a "person" as defined in Minnesota Statutes § 325D.10(a).

141.     In violation of Minnesota Statutes § 325D.44, Defendant has engaged in a deceptive trade practice by using deceptive representations in connection with goods; representing that goods have sponsorship, approval, characteristics, uses that they do not have; representing that goods are of a particular standard, quality, or grade when they are of another; and advertising goods with intent not to sell them as advertised.

142.     As a result of its deceptive trade practices with respect to the Class Refrigerators, Defendant has violated Minnesota Statutes § 325D.44.

143.     Defendant's violations of Minnesota's Deceptive Trade Practices Act have caused Plaintiffs and Class members actual damages.

144.     Plaintiffs and Class members seek actual damages and/or equitable relief, attorneys' fees and costs, and to enjoin Defendant on the terms that the Court considers reasonable.

752350.1

## COUNT VI
## VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT
### (N.J. Stat. Ann § 56:8-1 *et seq.*)
### (On Behalf of the New Jersey Class)

145.    Plaintiffs and the Class re-allege and incorporate by reference the allegations contained in all preceding paragraphs of this Class Action Complaint as though set forth fully herein.

146.    The New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1, *et seq.* ("NJCFA") protects consumers against "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise…" N.J. Stat. Ann. § 56:8-2.

147.    Plaintiffs and Class members are consumers who purchased Class Refrigerators.

148.    In the course of Defendant's business, it knowingly concealed, suppressed, and/or omitted the fact that the Class Refrigerators are defective, with the intent that Plaintiffs and the putative Class rely upon that concealment, suppression, and/or omission when purchasing the Class Refrigerators.  The Compressor Defect, which manifests in all or substantially all Class Refrigerators, is material to a reasonable consumer in that it renders Class Refrigerators unusable for their intended purpose.

149.    Defendant has engaged in unfair and deceptive trade practices, including representing that the Class Refrigerators have characteristics, uses, benefits, and qualities which they do not have; representing that the Class Refrigerators are of a particular standard and quality when they are not; advertising Class Refrigerators with the intent to not sell them as advertised; and otherwise engaging in conduct likely to deceive.  Further, LG's acts and practices described

34

herein offend established public policy because of the harm they cause to consumers, motorists, and pedestrians outweighs any benefit associated with such practices, and because LG fraudulently concealed the defective nature of the Class Refrigerators from consumers.

150. LG's actions as set forth above occurred in the conduct of trade or commerce.

151. Defendant's conduct caused Plaintiffs and Class members to suffer an ascertainable loss. Plaintiffs and the other Class members bought Refrigerators they otherwise would not have, overpaid for their Refrigerators and did not receive the benefit of their bargain. Plaintiffs and Class members have also incurred costs for replacement parts and installation, the cost of lost food due to spoilage, and the need to purchase replacement refrigerators.

152. Plaintiffs' and other Class members' damages are the direct and foreseeable result of Defendant's unlawful conduct. Had the Defect in the Class Refrigerators been disclosed, consumers would not have purchased or would have paid less for the Refrigerators and would have been spared the subsequent expenses and inconvenience.

153. Plaintiffs and Class members seek actual damages and/or injunctive and equitable relief, attorneys' fees and costs, and to enjoin Defendant on the terms that the Court considers reasonable.

## COUNT VII
### VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT
**(Ohio Rev. Code §§ 1345.01 *et seq.*)**
**(On Behalf of the Ohio Class)**

154. Plaintiffs and the Class re-allege and incorporate by reference the allegations contained in all preceding paragraphs of this Class Action Complaint as though set forth fully herein.

155. Plaintiffs and the Class members are "consumers" within the meaning of the Ohio Deceptive Trade Practices Act, Ohio Rev. Code Ann. § 1345.01(D).

752350.1

156.     Defendant is a "supplier" as defined by Ohio Revised Code §1345.01(C).

157.     Defendant's conduct described herein involves "consumer transactions" as defined in Ohio Revised Code § 1345.01(A).

158.     Defendant has engaged in unfair and deceptive trade practices in connection with a consumer transaction, including representing that the Class Refrigerators have characteristics, uses, benefits, and qualities which they do not have; representing that the Class Refrigerators are of a particular standard and quality when they are not; advertising Class Refrigerators with the intent to not sell them as advertised; and otherwise engaging in conduct likely to deceive.

159.     Defendant's misrepresentations and false, deceptive, and misleading statements with respect to the Class Refrigerators, as described above, constitute deceptive acts or practices.

160.     As a result of its misrepresentations and false, deceptive, and misleading statements with respect to the Class Refrigerators, as described above, Defendant has violated the Ohio Revised Code §1345.02.

161.     As a direct and proximate result of Defendant's violation of Ohio Revised Code § 1345.02, Plaintiffs and the Class Members have suffered actual damages, the full amount of which will be proven at trial.

162.     Pursuant to Ohio Revised Code §1345.09(A) and Fed. R. Civ. P. 23, Plaintiffs and Class Members are entitled to rescind the consumer transactions or recover actual damages, plus an amount not exceeding $5,000 in non-economic damages.

163.     Pursuant to Ohio Revised Code §1345.09(E), Plaintiffs and Class Members seek an order enjoining the above-described wrongful acts and practices of the Defendant and for restitution and disgorgement.

164.     Pursuant to Ohio Revised Code §1345.09(F), Plaintiffs, individually and on behalf of the other Class members, seek damages, injunctive and equitable relief, and attorneys' fees and costs.

165.     Pursuant to Section 1345.09(E), this Complaint will be served upon the Ohio Attorney General.

## COUNT VIII
### VIOLATION OF THE OHIO DECEPTIVE TRADE PRACTICES ACT
### (Ohio Rev. Code. Ch. 4165)
### (On Behalf of the Ohio Class)

166.     Plaintiffs and the Class re-allege and incorporate by reference the allegations contained in all preceding paragraphs of this Class Action Complaint as though set forth fully herein.

167.     Defendant is a "person" as defined in Ohio Revised Code § 4165.01(D).

168.     In violation of Ohio Rev. Code § 4165.02(A), Defendant has engaged in a deceptive trade practice by using deceptive representations in connection with goods; representing that goods have sponsorship, approval, characteristics, uses that they do not have; representing that goods are of a particular standard, quality, or grade when they are of another; and advertising goods with intent not to sell them as advertised.

169.     As a result of its deceptive trade practices with respect to the Class Refrigerators, Defendant has violated the Ohio Revised Code § 4165.02(A).

170.     Defendant's violations of Ohio's Deceptive Trade Practices Act have caused Plaintiffs and Class members actual damages.

171.     Plaintiffs and Class members seek actual damages and/or equitable relief, attorneys' fees and costs, and to enjoin Defendant on the terms that the Court considers reasonable.

752350.1

<u>COUNT IX</u>
**BREACH OF WRITTEN WARRANTY**
**UNDER THE MAGNUSON-MOSS WARRANTY ACT**
**(On Behalf of the State Classes)**

172.     Plaintiffs and the Class re-allege and incorporate by reference the allegations contained in all preceding paragraphs of this Class Action Complaint as though set forth fully herein.

173.     Plaintiffs and the Class members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

174.     Defendant is a "supplier" and "warrantor" within the meaning of 15 U.S.C. §§ 2301(4)-(5).

175.     The Class Refrigerators are "consumer products" within the meaning of 15 U.S.C. § 2301(1).

176.     Defendant's warranties are "written warranties" within the meaning of 15 U.S.C. § 2301(6).

177.     Defendant breached the express warranties by refusing and/or failing to honor the express warranties by repairing or replacing, free of charge, the defective compressors.

178.     Moreover, Defendant's express warranties are unconscionable and fail of their essential purpose. Defendant knew or should have known that the Class Refrigerators would fail shortly after the one year warranty for parts and labor expired, forcing consumers to pay significant costs for the labor to diagnose and replace the defective compressors in their refrigerators. Plaintiffs and the Class members had no bargaining power and LG concealed or failed to disclose the Compressor Defect to consumers. Thus, Plaintiffs and the Class were forced to accept LG's unconscionable warranties, which fail to provide adequate relief for a known defect.

179.     Plaintiffs and the other Class members relied on the existence and length of the express warranties in deciding whether to purchase the Refrigerators.

180.     Defendant's breach of the express warranties has deprived Plaintiffs and the other Class members of the benefit of their bargain.

181.     The amount in controversy of Plaintiffs' individual claims meets or exceeds the sum or value of $25.00. In addition, the amount in controversy meets or exceeds the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit.

182.     Defendant has been afforded a reasonable opportunity to cure its breach of the written warranties and/or Plaintiffs and the other Class members were not required to do so because providing Defendant a reasonable opportunity to cure its breach of written warranties would have been futile. Defendant was also on notice of the Defect from the complaints and service requests it received from Class members, as well as from its own warranty claims, customer complaint data, and/or parts sales data.

183.     As a direct and proximate cause of Defendant's breach of the written warranties, Plaintiffs and the other Class members sustained damages and other losses in an amount to be determined at trial. Defendant's conduct damaged Plaintiffs and the other Class members, who are entitled to recover actual damages, consequential damages, specific performance, diminution in value, costs, including statutory attorney fees, and/or other relief as deemed appropriate.

**COUNT X**
**COMMON LAW FRAUD**
**(On Behalf of the State Classes)**

184.     Plaintiffs and the Class re-allege and incorporate by reference the allegations contained in all preceding paragraphs of this Class Action Complaint as though set forth fully

39

752350.1

herein.

185.    At all times during its advertising, marketing, and sale of the Class Refrigerators, LG made material misstatements of fact to Plaintiffs and Class members regarding the non-defective nature of the compressors in the Class Refrigerators. As a result, Plaintiffs and the Class were fraudulently induced to purchase the Class Refrigerators.

186.    These misstatements made by LG were made with knowledge of their falsity, and with the intent that Plaintiffs and members of the Class would rely upon them.

187.    As described herein, LG fraudulently sold Refrigerators with defective compressors that effectively prevented purchasers from purchasing the Class Refrigerators without defective compressors.

188.    At the time that LG made these misrepresentations and concealments, and at the time that Plaintiffs and Class members purchased the Class Refrigerators, Plaintiffs and the Class were unaware of the falsity of these misrepresentations, and reasonably believed them to be true.

189.    Plaintiffs and Class members did in fact rely upon LG's misrepresentations concerning the non-defective nature of the compressors in the Class Refrigerators.

190.    As a direct and proximate result of LG's deceptive, fraudulent, and unfair practices, Plaintiffs and Class members have suffered injury in fact and/or actual damages in an amount to be determined at trial.

191.    Plaintiffs, on behalf of themselves and all others similarly situated, demands judgment against LG for damages and declaratory relief.

**COUNT XI**
**NEGLIGENT MISREPRESENTATION**
**(On Behalf of the State Classes)**

192.  Plaintiffs and the Class re-allege and incorporate by reference the allegations contained in all preceding paragraphs of this Class Action Complaint as though set forth fully here

193.  Under the circumstances alleged, LG owed a duty to Plaintiffs and the Class to provide them with nondefective compressors in their Refrigerators.

194.  LG represented to Plaintiffs and Class members that by purchasing the Class Refrigerators, they would be enjoying non-defective Refrigerators, which is not what they actually received.

195.  LG's representations, as described herein, were false, negligent and material.

196.  LG negligently made these misrepresentations with the understanding that Plaintiffs and Class members would rely upon them.

197.  Plaintiffs and Class members did in fact reasonably rely upon these misrepresentations and concealments made by LG.

198.  As a direct and proximate result of LG negligent actions, Plaintiffs and Class members have suffered injury in fact and/or actual damages in an amount to be determined at trial.

199.  Plaintiffs, on behalf of themselves and all others similarly situated, demands judgment against LG for damages and declaratory relief.

**COUNT XII**
**UNJUST ENRICHMENT**
**(On Behalf of the Nationwide Class, or Alternatively, the State Classes)**

200.  Plaintiffs and the Class re-allege and incorporate by reference the allegations contained in all preceding paragraphs of this Class Action Complaint as though set forth fully here

41

752350.1

201.    Plaintiffs and members of the Class conferred a benefit on Defendant by purchasing the Class Refrigerators.

202.    Defendant had knowledge that this benefit was conferred upon it.

203.    Defendant has been unjustly enriched at the expense of Plaintiffs and the Class, and its retention of this benefit under the circumstances would be inequitable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and members of the Class, respectfully request that this Court:

A.    Determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying one or more Classes as defined above;

B.    Appoint Plaintiffs as the representative of the Class and their counsel as Class counsel;

C.    Award all actual, general, special (including treble), incidental, statutory, and consequential damages to which Plaintiffs and Class members are entitled;

D.    Award pre-judgment and post-judgment interest on such monetary relief;

E.    Grant appropriate injunctive and/or declaratory relief;

F.    Award reasonable attorneys' fees and costs; and

G.    Grant such further relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury on all issues so triable.

Dated:  October 5, 2018               **LITE DEPALMA GREENBERG LLC**

                                       _/s/ Katrina Carroll_
                                      Katrina Carroll
                                      Kyle A. Shamberg
                                      111 W. Washington Street, Suite 1240
                                      Chicago, IL 60602
                                      Telephone (312) 750-1265
                                      Facsimile: (973) 623-0858
                                      kcarroll@litedepalma.com
                                      kshamberg@litedepalma.com

752350.1

**LITE DEPALMA GREENBERG, LLC**
Bruce D. Greenberg
Susana Cruz Hodge
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
bgreenberg@litedepalma.com
scruzhodge@litedepalma.com

Joseph G. Sauder
Matthew D. Schelkopf
Joseph B. Kenney
**SAUDER SCHELKOPF LLC**
555 Lancaster Avenue
Berwyn, Pennsylvania 19312
Telephone: (610) 200-0580
Facsimile:   (610)727-4360
E-Mail:     jgs@sstriallawyers.com
            mds@sstriallawyers.com
            jbk@sstriallawyers.com

*Counsel for Plaintiffs and the Putative Class*

43

**Attachment "A"**
**Models Included in "Class Refrigerators"**

| | | | |
|---|---|---|---|
| LSXS22423S | LFX31925ST | LFX25978ST | LFC22770ST |
| LMXC23746S | LFXS24623 | LFXS30766S | LMXS30776S/02 |
| LFXS30726S | LMXS30776S | LMXS30776S | LFXS30726 |
| LXSS26326S | LFX31925ST/00 | LFXC24726S | LFXS30766S/02 |
| LMXS30776 | LFX31925ST/100 | LFX28968ST | LSXS26366S/02 |
| LFX25960 | LFX25991ST/02 | LFX25978ST/00 | LFX25976ST |
| LFC25776ST | LFX25973ST | LFXS29766S | LFXS29626B |
| LFXS32766S | LSXS26366 | LMXS0776D | LFS24623S |
| LFXC24726D | LFX21976ST | LFXC24726 | LFXS29766S/01 |
| LFX31945ST | LFX29927ST/03 | LFC25776ST | LFXS29766 |
| LSXS26386S | LSXS26326B | LMXC23746 | LFXS29626S |
| LSXS26326S | LFXS29626S/01 | LFX8297668/01 | LMXS30746S |
| LFX31925ST | LFX31945ST | LFXS24623S | LFX31925ST03 |
| LFX28968ST/06 | LMX25964ST | LMXC23746X | LFX31925ST/00 |
| LFXS24623S | LMXS30746S/00 | LFX31925SB INIB0284 | LFX31925SB/00 |
| LFX31925ST | LFXC24726S/02 | LFX33975ST/03 | LGXS30766D /01 |
| LFC25776 ST/05 | LSXS26326S | LFSX29766S/01 | LFX28968 |
| LFXS24623S/00 | LMXS30776D/01 | LFX29945ST/02 | LMXC23746D/00 |
| LFXS29766/01 | LFX29945ST | LFXS297665 | LFX25974ST /06 |
| LFX31945ST/02 | LMXC23746D | LFCS25426D | LMXS30776S/01 |
| LSXS26386D/01 | LFX31925ST/04 | LFX31925SS | LFX28978ST |
| LSFXC2476S | LFX33975ST | LFX25973ST/03 | LFXS24663S |
| LSXS263860/01 | LFXS27466S/00 | LMXC23746S/00 | LMXS30776S/00 |
| LPXS30866D | LFC20770ST | LFXC24726/02 | LMXS27626D/01 |
| LFC24770ST | LSXS26386D | LFXS29626 | LSXS263268 |
| LSXS26366S/00 | LFXS29766S/00 | LSXS26366D | LSXS26323S |
| 795LSXS26326S | | LFX31945** | LMXS30776D |
| LMXS27626S | | LFXS30726S/02 | |
| LFX25974ST | | | |
| LFCS31626S/00 | | | |
| LFXS29766* | | | |
| LFXS24623B/00 | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |